Lynn J. HUBBARD; et al.,
Plaintiffs—Appellees,

v.

YARDAGE TOWN INC., dba Yardage Town, Defendant–cross–claimant—Appellant.

No. 06–55802.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 26, 2008.

Lynn Hubbard, III, Disabled Advocacy Group, APLC, Chico, CA, for Plaintiffs–Appellees.

David W. Peters, Esq., Lawyers Against Lawsuit Abuse, APC, San Diego, CA, for Defendant–cross–claimant–Appellant.

Before: TASHIMA, SILVERMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Defendant's attorney David Warren Peters appeals from the district court's orders sanctioning him pursuant to 28 U.S.C. § 1927. We review for an abuse of discretion a district court's imposition of section 1927 sanctions. *Pacific Harbor Capital, Inc. v. Carnival Air Lines,* 210 F.3d 1112, 1117 (9th Cir.2000). We affirm.

The district court did not abuse its discretion in awarding sanctions in this case because Peters needlessly multiplied the litigation by refusing to comply with the parties' settlement agreement. *See* 28 U.S.C. § 1927 (permitting the district court to sanction an attorney who "multiplies the proceedings in any case unreasonably and vexatiously"); *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1107 (9th Cir.2002) ("[S]ection 1927 sanctions must be supported by a finding of subjective bad faith, which is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.") (internal citation, quotation marks, and emphasis omitted).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.